FILED
CLERK, U.S. DISTRICT COURT

4/1/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MRV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR  2:25-cr-00230-SB |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Distribution of Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture] |
| ISRAEL ALCANTARA BUJASE, aka "izzbujase," and GERARDO GARCIA, aka "jerrylokszz," aka "jerry_srt717," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but no later than on or about February 3, 2024, and continuing to an unknown date, but no earlier than on or about April 17, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants ISRAEL ALCANTARA BUJASE, also known as ("aka") "izzbujase," and GERARDO GARCIA, aka "jerrylokszz," aka "jerry_srt717," together with

others known and unknown to the Grand Jury, conspired to knowingly and intentionally distribute at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi).

B.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendant ALCANTARA would broker the sale of fentanyl to potential customers.

2.    Defendant GARCIA would obtain the supply of fentanyl to be delivered to customers.

3.    Defendants ALCANTARA and GARCIA would meet with, and sell the fentanyl to, customers.

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants ALCANTARA and GARCIA, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On February 3, 2024, using coded language in a text message, defendant ALCANTARA offered to sell fentanyl pills to a person defendant ALCANTARA believed to be a drug buyer but who was, in fact, a confidential informant (the "CI") working at the direction of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

Overt Act No. 2:    On February 8, 2024, using coded language in text messages, defendant ALCANTARA offered to sell 10,000 fentanyl pills to the CI.

Overt Act No. 3:    On February 19, 2024, defendant ALCANTARA contacted a person ALCANTARA believed was another drug customer referred by the CI but who was, in fact, an undercover law enforcement officer (the "UC").  Using coded language in a telephone call, defendant ALCANTARA asked if the UC wanted to purchase fentanyl pills and indicated the price per pill defendant ALCANTARA would charge.

Overt Act No. 4:    On February 21, 2024, using coded language in Instagram messages, defendant GARCIA agreed to supply defendant ALCANTARA with 10,000 fentanyl pills at 55 cents per pill for further distribution to drug customers.

Overt Act No. 5:    On February 21, 2024, using coded language in a telephone call with the UC, defendant ALCANTARA indicated that he had just communicated with his fentanyl supplier and that defendant ALCANTARA would introduce the UC to defendant ALCANTARA's supplier.

Overt Act No. 6:    On February 21, 2024, via text message, defendant ALCANTARA sent the UC a screenshot depicting Instagram messages defendant ALCANTARA exchanged with defendant GARCIA.

Overt Act No. 7:    On February 21, 2024, using coded language in an Instagram message, defendant ALCANTARA told defendant GARCIA that a fentanyl customer was waiting for a transaction to take place.

Overt Act No. 8:    On February 21, 2024, using coded language in an Instagram message, defendant GARCIA assured defendant ALCANTARA

that the fentanyl transaction would take place after defendant GARCIA became available about an hour later.

Overt Act No. 9:   On February 21, 2024, using coded language in a text message, defendant GARCIA sent defendant ALCANTARA the address where defendant GARCIA wanted to complete the fentanyl transaction.

Overt Act No. 10:   On February 21, 2024, using coded language in a text message, defendant ALCANTARA sent the UC the address where the fentanyl transaction would take place.

Overt Act No. 11:   On February 21, 2024, using coded language in a phone call, defendant ALCANTARA indicated to the UC that he and his co-conspirator would be in a white Dodge Charger SRT Hellcat (the "Hellcat").

Overt Act No. 12:   On February 21, 2024, defendants ALCANTARA and GARCIA traveled separately to the pre-arranged meeting location for the fentanyl deal.

Overt Act No. 13:   On February 21, 2024, defendant ALCANTARA got out of the front passenger seat of the Hellcat holding a black plastic bag.

Overt Act No. 14:   On February 21, 2024, defendant ALCANTARA got into the UC's car holding the black plastic bag, indicated in coded language that the bag contained two vacuum-sealed packages with 5,000 pills in each package, and handed to the UC the bag which contained approximately 10,133 fentanyl pills, weighing approximately 1.06 kilograms, in exchange for $7,700.

Overt Act No. 15:   On February 21, 2024, defendant ALCANTARA got out of the UC's car and returned to the front passenger seat of the Hellcat.

4

Overt Act No. 16:   On April 15, 2024, using coded language in a telephone call, defendant ALCANTARA told the UC that defendant ALCANTARA had a lot of fentanyl pills available for sale from the same person who supplied the fentanyl during the prior February 21, 2024 transaction, and offered to sell additional fentanyl to the UC.

Overt Act No. 17:   On April 16, 2024, using coded language in a telephone call, defendant ALCANTARA and the UC agreed to complete a purchase of fentanyl pills the following day.

Overt Act No. 18:   On April 16, 2024, using coded language in a telephone call, defendant ALCANTARA told the UC that defendant ALCANTARA's fentanyl supplier had chosen to complete the transaction in the same location as the deal that took place on February 21, 2024.

Overt Act No. 19:   On April 17, 2024, using coded language in a text message, defendant ALCANTARA confirmed with defendant GARCIA the cross streets of the meeting location where the fentanyl transaction was to take place.

Overt Act No. 20:   On April 17, 2024, defendant GARCIA, driving the Hellcat, arrived at the pre-arranged meeting place for the fentanyl transaction.

Overt Act No. 21:   On April 17, 2024, defendant ALCANTARA arrived at the pre-arranged meeting place and led the UC to the Hellcat defendant GARCIA was driving.

Overt Act No. 22:   On April 17, 2024, while inside of the Hellcat defendant GARCIA was driving, defendant ALCANTARA retrieved a package from the floor area of the Hellcat and handed the package to the UC.  The package contained approximately 10,074 fentanyl pills

that weighed approximately 1.06 kilograms, which defendants ALCANTARA and GARCIA gave to the UC in exchange for $7,300.

Overt Act No. 23:    On April 17, 2024, while inside of the Hellcat defendant GARCIA was driving, defendant GARCIA used coded language to tell the UC that defendant GARCIA wanted to install a hidden compartment in a car and indicated that the compartment needed to be large enough to fit ten bags of 10,000 fentanyl pills and cash, among other things.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about February 21, 2024, in Los Angeles County, within the Central District of California, defendants ISRAEL ALCANTARA BUJASE, also known as ("aka") "izzbujase," and GERARDO GARCIA, aka "jerrylokszz," aka "jerry_srt717," each aiding and abetting the other, knowingly and intentionally distributed at least 400 grams, that is, approximately 1.06 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 17, 2024, in Los Angeles County, within the Central District of California, defendants ISRAEL ALCANTARA BUJASE, also known as ("aka") "izzbujase," and GERARDO GARCIA, aka "jerrylokszz," aka "jerry_srt717," each aiding and abetting the other, knowingly and intentionally distributed at least 400 grams, that is, approximately 1.06 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

[ALL DEFENDANTS]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of any offense set forth in any of Counts One through Three of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any and all property, real or personal, constituting or derived from, any proceeds which defendant obtained, directly or indirectly, from such offense;

(b)    All right, title, and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

(c)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

9

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

SARA B. VARGAS
Assistant United States Attorney
Violent and Organized Crime
Section

10