FILED
CLERK, U.S. DISTRICT COURT

5/12/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____LFA_____ DEPUTY

BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
SARA VARGAS (Cal. Bar No. 313370)
Assistant United States Attorney
Violent & Organized Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8611
    Facsimile: (213) 894-3713
    E-mail:    Sara.Vargas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR Nos. 24-00656-JFW |
|---|---|
| Plaintiff, | 25-00230-SB-1 |
| | 25-00234-SPG |
| v. | |
| | PLEA AGREEMENT FOR DEFENDANT |
| ISRAEL ALCANTARA BUJASE, | ISRAEL ALCANTARA BUJASE |
| Defendant. | |

1. This constitutes the plea agreement between ISRAEL ALCANTARA BUJASE ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned cases. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the following:

i.    Counts 1 and 2 of the indictment in United States v. ISRAEL ALCANTARA BUJASE, CR No. 24-00656-JFW-1, which charge defendant with Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(B)(vi);

ii.    Counts 1, 2, and 3 of the indictment in United States v. ISRAEL ALCANTARA BUJASE, et al., CR No. 25-00230-SB-1, which charge defendant with Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. § 846, and Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); and

iii. Counts 1, 2 and 3 of the indictment in United States v. ISRAEL ALCANTARA BUJASE, et al., CR No. 25-00234-SPG-1, which charge defendant with Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. § 846, and Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

### THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

### NATURE OF THE OFFENSES

4.    Defendant understands that for defendant to be guilty of the crime charged in count 1 in CR No. 25-00230-SB-1, and count 1 in CR No. 25-00234-SPG-1, that is, Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. § 846, the following must be true:

a.    There was an agreement between two or more persons to distribute fentanyl; and

b.    Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

5.    Defendant understands that for defendant to be guilty of the crime charged in counts 1 and 2 in CR No. 24-00656-JFW-1, counts 2 and 3 in CR No. 25-00230-SB-1, and counts 2 and 3 in CR No. 25-00234-SPG-1, that is Distribution of Fentanyl, in violation of 21

3

U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(B)(vi), the following must be true:

      a.   Defendant knowingly distributed fentanyl; and

      b.   Defendant knew that it was fentanyl or some other federally controlled substance.

6. As to count 1 in CR No. 24-00656-JFW-1, defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least 40 grams of a mixture or substance containing a detectable amount of fentanyl. Defendant admits that defendant, in fact, distributed at least 40 grams of a mixture or substance containing a detectable amount of fentanyl.

7. As to count 2 in CR No. 24-00656-JFW-1, counts 1, 2, and 3 in CR No. 25-00230-SB-1, and counts 1, 2, and 3 in CR No. 25-00234-SPG-1, defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least 400 grams of a mixture or substance containing a detectable amount of fentanyl. Defendant admits that defendant, in fact, distributed at least 400 grams of a mixture or substance containing a detectable amount of fentanyl.

PENALTIES

8. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 21 U.S.C. § 846, is: life imprisonment; a 5-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the

4

offense, whichever is greatest; and a mandatory special assessment of $100.

9. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), is: 40 years' imprisonment; a 5-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), is: life imprisonment; a 5-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a 5-year period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $800.

12. Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for each violation of 21 U.S.C. § 846, is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

13. Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18

U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), is: 5 years' imprisonment followed by a 3-year period of supervised release, and a mandatory special assessment of $100.

14.   Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for each violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

15.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

16.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

17.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas

18. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

19. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant

7

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 21 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On September 13, 2021, defendant sold a 9mm Glock model 43 pistol people he thought were gun customers but who were, in fact, a confidential informant working at ATF's direction ("CI") and an undercover law enforcement officer ("UC-1"). At the time of the sale, defendant did not have a license to sell firearms.

In October 2023, defendant and co-conspirator DANIEL QUINTANA ("QUINTANA") agreed with one another to distribute fentanyl pills to UC-1. On or before October 20, 2023, co-conspirator QUINTANA provided the fentanyl pills to defendant for further distribution. On October 20, 2023, defendant knowingly sold approximately 1,015 fentanyl pills, weighing approximately 124.3 grams, to UC-1.

On or before November 20, 2023, co-conspirator QUINTANA provided the fentanyl pills to defendant for further distribution. On November 20, 2023, defendant then knowingly sold approximately 5,228 fentanyl pills, weighing approximately 568.4 grams, to another customer who was actually an undercover law enforcement agent ("UC-2").

On or before October 29, 2023, co-conspirator QUINTANA and defendant discussed selling additional fentanyl to the CI and the CI's customer, UC-2. Defendant fronted to co-conspirator QUINTANA the money for the fentanyl pills he would sell to UC-2. On October

8

31, 2023, defendant then knowingly sold to UC-2 approximately 5,050 fentanyl pills, weighing approximately 545.8 grams.

On or before December 19, 2023, defendant and co-conspirator QUINTANA conspired and agreed to knowingly sell at least 400 grams of fentanyl pills to UC-2.  On December 19, 2023, co-conspirator QUINTANA drove defendant in co-conspirator QUINTANA's black Jeep to a pre-determined location, where they had requested UC-2 to meet them. There, defendant handed to UC-2 bags containing approximately 9,985 fentanyl pills, weighing approximately 1,094 grams.  After UC-2 paid defendant in cash for the fentanyl, defendant provided the cash to co-conspirator QUINTANA.

Between December 30, 2023 and February 20, 2024, defendant and co-conspirator QUINTANA conspired together and arranged to sell more fentanyl pills to UC-2.  On February 21, 2024, defendant decided against sourcing the fentanyl from co-conspirator QUINTANA.  Instead, on February 21, 2024, defendant and co-conspirator GERARDO GARCIA ("GARCIA") conspired and agreed to knowingly sell at least 400 grams of fentanyl pills to UC-2.  On February 21, 2024, defendant and co-conspirator GARCIA instructed UC-2 to meet them at a parking lot, where they sold to UC-2 approximately 10,133 fentanyl pills, weighing approximately 1,063 grams.

Before April 17, 2024, defendant and co-conspirator GARCIA conspired together and arranged to sell more fentanyl pills to UC-2. On April 17, 2024, defendant and co-conspirator GARCIA instructed UC-2 to meet them at a parking lot, where they sold to UC-2 approximately 10,074 pills, weighing approximately 1,061 grams.

At all relevant times, the conduct described above took place in Los Angeles County, within the Central District of California.

SENTENCING FACTORS

20. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

21. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                      34           2D1.1(a)(5), (c)(3)[1]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

22. Defendant and the USAO agree that:

a. The offenses did not result in death or serious bodily injury to any person; and

b. Defendant was not an organizer, leader, manager, or supervisor of others in the offenses and was not engaged in a continuing criminal enterprise.

---

[1] Defendant sold a total of approximately 4,456.5 grams, or 4.456.5 kilograms, of fentanyl pills.

23. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

24. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

25. Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.    The right to persist in a plea of not guilty.

        b.    The right to a speedy and public trial by jury.

        c.    The right to be represented by counsel – and if necessary have the Court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

        d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.    The right to confront and cross-examine witnesses against defendant.

        f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

11

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

26. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

27. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 168 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing

12

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

28. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 120 months, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

29. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement and any contemporaneously signed addendum.

### EFFECTIVE DATE OF AGREEMENT

30. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

31. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement or any contemporaneous agreement or addendum signed by the parties ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

13

cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

32. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 21 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

14

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

34. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one — not the prosecutor, defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

35. Defendant understands that, except as set forth herein, and in any contemporaneous agreement or addendum signed by the parties, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

36.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
United States Attorney

_____          May 5, 2025
SARA VARGAS                               _____
Assistant United States Attorney          Date


_____          5/5/25
ISRAEL ALCANTARA BUJASE                   _____
Defendant                                 Date


_____          5/5/25
KATHRYN ROSENFELD                         _____
Deputy Federal Public Defender            Date
Attorney for Defendant ISRAEL
ALCANTARA BUJASE

16

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty to ~~counts one, two, three, and four of the Information~~ all counts of the three Indictments KR because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____
ISRAEL ALCANTARA BUJASE
Defendant

5/5/25
Date

17

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ISRAEL ALCANTARA BUJASE's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          _5/5/25_____

KATHRYN ROSENFELD                          Date
Deputy Federal Public Defender
Attorney for Defendant ISRAEL
ALCANTARA BUJASE

18

**CERTIFICATE OF SERVICE**

I, **Joshua Chang**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**Signed Public Plea**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☒ Via email, as follows:

☐ By Federal Express, as follows:

**Kathryn Rosenfeld**

**kathryn_rosenfeld@fd.org**

This Certificate is executed on **May 12, 2025,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*Joshua Chang*
_____
Joshua Chang
Legal Assistant